IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALVIN ROY JACOBS, AIS 148241, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 2:21-cv-366-JTA |
| PATRICE JONES, WARDEN, et al., | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION AND ORDER**

*Pro se* Plaintiff Alvin Jacobs filed this Complaint on May 20, 2021, on a form used by inmates for filing 42 U.S.C. § 1983 actions. On August 30, 2021, the Court entered an Order of Procedure directing Defendants to file an Answer and Written Report to the Complaint. Doc. No. 8. The procedural order also informed Plaintiff that he must immediately inform the Court of any new address and that failure to do so within ten (10) days following any change of address would result in the dismissal of this action. *Id.* at 3, ¶ 6. The docket reflects that Plaintiff received the August 30, 2021, Order.

The undersigned recently determined that Plaintiff is no longer at the most recent service address on record with the Court. *See* Doc. No. 38 (*Notice of Change of Address*).[1] Accordingly, by Order entered March 29, 2023, Plaintiff was directed to file—by April 10, 2023—a current address or show cause why this case should not be dismissed for his failures to comply with the orders of the Court and to adequately prosecute this action.

---

[1] *See* http://doc.state.al.us (last visited April 17, 2023). Plaintiff's most recent service address on record with the Court is the Ventress Correctional Facility. Doc. No. 38.

Doc. No. 57. The March 29 Order specifically informed Plaintiff the administration of this case could not proceed if his whereabouts remained unknown and cautioned him his failure to comply with its directives would result in dismissal of this case. *Id*. Plaintiff's copy of the March 29, 2023, Order was returned to the Court by the postal service on April 11, 2023, marked as undeliverable.

The authority to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*.; *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (explaining that as a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).

For the foregoing reasons, it is hereby

ORDERED that this case is dismissed without prejudice.

A Final Judgment will be entered separately.

DONE this 17th day of April, 2023.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE